944

■ In the Matter of the Application of JOHN F. LAWSON for Reinstatement as an Attorney. — Application for reinstatement granted and petitioner, John F. Lawson, reinstated as an attorney and counselor at law effective immediately. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.

(March 3, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CHE-VALIER, Appellant. — Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered May 19, 1981, convicting defendant upon his plea of guilty of the crime of grand larceny in the second degree, and (2) by permission, from an order of said court, entered January 14, 1982, which denied, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. Defendant was charged in an indictment with one count of grand larceny in the second degree and two counts of grand larceny in the third degree. Following plea bargaining negotiations, defendant, on July 11, 1980, entered a plea of guilty of the crime of grand larceny in the second degree, a class D felony (Penal Law, § 155.35), in full satisfaction of the indictment, based on the understanding that he would be sentenced as a second felony offender to an indeterminate term of imprisonment with a maximum term no greater than three years and a minimum term no greater than one and one-half years. At this time, defendant was scheduled to have an operation at the Veterans' Administration Hospital. The court placed defendant on presentence probation in order that he might undergo the operation. Prior to being placed on said probation, both defendant and his attorney agreed with the court that should defendant fail to immediately appear before the court for sentencing upon his release from the hospital, the court would be relieved from its agreement as to sentencing and would be able to sentence defendant to any sentence commensurate with a class D felony. Defendant failed to appear before the court following his release from the hospital and was eventually arrested and appeared for sentencing in May, 1981. A hearing was held and defendant was sentenced to an indeterminate term of imprisonment with a maximum term of seven years and a minimum term of three and one-half years. Defendant thereafter made a motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction. His motion was denied and he has appealed from both the judgment of conviction and the order denying his motion to vacate the judgment. Initially, defendant contends that his sentence is improper because it is not in conformance with that promised by the court in consideration of his plea of guilty. On the contrary, the record reveals that defendant clearly agreed that the court could impose any sentence commensurate with a class D felony if he failed to immediately appear for sentencing after his release from the hospital. Due to defendant's failure to appear as agreed, the court was merely exercising its right to sentence defendant pursuant to the agreement between defendant and the court. Consequently, defendant's arguments in this regard must fail. We also reject defendant's contention that he was denied adequate representation by counsel. While various assigned counsel appeared for defendant during the proceedings, we find nothing in the record to indicate any deficiency in defendant's legal representation, nor did he complain to the court or request new counsel. Under these circumstances, the judgment and order should be affirmed (see *People v Maryea,* 54 AD2d 773). Judgment and order affirmed. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.