■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LE ROY G. BENNETT, Appellant.—Casey, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered September 16, 1988, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree.

Defendant entered his plea of guilty with the understanding that his sentence would be a fine of $10,000, payable at the time of sentencing. County Court specifically advised defendant that if he intentionally failed to appear at sentencing on the scheduled date, he could be sentenced in absentia to a term of imprisonment of 1⅓ to 4 years. Defendant was asked if he agreed to such an arrangement as a condition of the plea bargain and he answered in the affirmative. Defendant appeared for sentencing on August 17, 1988 and requested an adjournment until September 12, 1988. The court granted the request, but again stated that defendant's failure to appear on the scheduled date could result in a sentence of imprisonment.

Defendant failed to appear for sentencing on September 12, 1988 and his attorney requested a two-day adjournment, explaining that defendant had recently been involved in an automobile accident and was having minor difficulty obtaining sufficient cash for the fine. On September 14, 1988, defendant's counsel appeared without defendant and again asked for a two-day adjournment, with a similar explanation. When defendant failed to appear on September 16, 1988, the court denied his attorney's request for another adjournment and sentenced defendant in absentia to a prison term of 1⅓ to 4 years. Defendant's bail was revoked and a bench warrant for his arrest was issued.

Defendant was arrested and brought before the court on March 13, 1989. When questioned as to the reason for his failure to appear for sentencing as scheduled, defendant explained that he had been unable to obtain sufficient cash to pay the fine and was fearful that he would be sentenced to a term of imprisonment. County Court refused to reconsider the previously imposed sentence.

Defendant claims on appeal that County Court erred in sentencing him in absentia, but there is ample evidence in the record that defendant's failure to appear was deliberate and, therefore, he waived his right to be present *(see, People v*

*Sanchez,* 65 NY2d 436). Defendant was fully advised of the consequences of his failure to appear and he agreed to sentencing in absentia if his failure to appear was intentional. He was given several opportunities to appear or provide an adequate excuse for his absence. He did neither. The court made a sufficient inquiry into the surrounding circumstances to determine that defendant's failure to appear was deliberate, and the court was justified in refusing to grant another adjournment.

Defendant has filed a *pro se* letter proclaiming his innocence, but such a claim was forfeited by his guilty plea. The judgment should be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.