(June 17, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST DUKES, Also Known as RAHEEM, Appellant. [599 NYS2d 188] —Appeals (1) from a judgment of the County Court of Rensselaer County (Aison, J.), rendered December 18, 1989, convicting defendant upon his plea of guilty of the crimes of attempted criminal sale of a controlled substance in the third degree (two counts) and burglary in the third degree, and (2) by permission, from an order of said court, entered May 18, 1992, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction, without a hearing.

Defendant pleaded guilty to burglary in the third degree and two counts of attempted criminal sale of a controlled substance in the third degree. As a part of the plea agreement, County Court agreed to sentence defendant to concurrent prison terms of 2⅔ to 7 years on the burglary conviction and 4 to 12 years on each of the two attempted sale convictions. Defendant also expressly agreed that County Court would be free to impose the harshest sentences, all to be served consecutively, if defendant intentionally failed to appear for sentencing. Defendant subsequently failed to appear for sentencing, allegedly because he had become intoxicated,

and County Court imposed two consecutive sentences of 4 to 12 years for the attempted sale convictions and a sentence of 2⅓ to 7 years for the burglary conviction, to run concurrently to the other two sentences.

Given the voluntary nature of defendant's intoxication, we find that the record demonstrates that defendant intentionally failed to appear for sentencing. Consequently, County Court was free to enhance the sentence in accordance with the terms of the plea agreement *(see, People v Bennett,* 162 AD2d 825; *People v Chevalier,* 92 AD2d 944). Further, in light of defendant's extensive criminal record and the facts that he was allowed to plead guilty to three crimes in satisfaction of three indictments that included a total of 16 counts and was not given the harshest sentences possible on the convictions of attempted criminal sale of a controlled substance in the third degree, we find no basis to disturb the sentence of County Court. Finally, County Court did not err in denying defendant's motion to set aside the sentence without a hearing. As already noted, County Court was merely exercising its right to sentence defendant pursuant to the plea agreement *(see, People v Chevalier, supra).*

Weiss, P. J., Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment and order are affirmed.