■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McINTIRE, Appellant. [731 NYS2d 547] —Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered September 29, 2000, convicting defendant upon his plea of guilty of the crimes of arson in the third degree and insurance fraud in the third degree.

On two separate occasions, defendant set fire to his home, reported the fire as accidental and collected on his insurance policy for the damage caused by the fire. After the second fire, which destroyed the home, defendant was indicted on two counts each of arson in the third degree and insurance fraud in the third degree. As the result of plea negotiations, defendant entered a plea of guilty to one count each of the arson and insurance fraud charges. He was sentenced to concurrent indeterminate prison terms of 1 to 3 years in accordance with the plea agreement and he now appeals, claiming that the sentence is excessive and that he was deprived of the effective assistance of counsel because the negotiated sentence did not take into account his mental and physical condition. The argument has no merit and, therefore, we affirm the judgment.

During plea negotiations, defense counsel had a psychologi-

cal evaluation of defendant conducted for the express purpose of making the results available for the District Attorney's consideration in reaching an appropriate agreement. In addition, the presentence report contains a thorough analysis of defendant's social, family and personal history, including his physical and mental condition, which reveals nothing to indicate that the negotiated sentence was inappropriate. As a result of the plea bargain, defendant avoided exposure to the possibility of two consecutive indeterminate prison terms of up to 5 to 15 years each and received the minimum possible prison term for class C felonies. Our review of the record discloses that petitioner received meaningful representation (*see, People v Baldi*, 54 NY2d 137; *see also, Strickland v Washington*, 466 US 668) in the negotiation of a very favorable plea bargain, that County Court did not abuse its discretion in imposing the negotiated sentence and that there are no extraordinary circumstances which would warrant this Court's exercise of its discretionary authority to modify the sentence in the interest of justice (*see, e.g., People v Hochberg*, 62 AD2d 239, 251).

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.