■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY JOHNSON, Appellant. [739 NYS2d 381] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered May 28, 1997, convicting defendant, after a jury trial, of sodomy in the first degree and endangering the welfare of a child, and sentencing him to concurrent terms of 3⅓ to 10 years and one year, respectively, and order, same court and Justice, entered March 29, 2001, which denied defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.

The court properly determined that the eight-year-old victim demonstrated sufficient intelligence and capacity, as well as a sufficient understanding of the obligation of an oath and the consequences of giving false testimony, to justify his being sworn as a witness (*see, People v Nisoff*, 36 NY2d 560, 566; *People v Parks*, 41 NY2d 36, 46; *People v Cordero*, 257 AD2d 372, 373-374, *lv denied* 93 NY2d 968). The victim understood that it was wrong to lie, stated that he would not lie to help his mother and understood that he would be punished if he did lie.

Defendant has not provided a sufficient record for this Court to evaluate his claim that the trial court improperly declined to

release the "complaint" made by the victim's mother to the Victim Services Agency, since defendant has not subpoenaed this document. It is defendant's obligation to prepare a proper record for appeal (*see, People v Olivo*, 52 NY2d 309, 320; *People v Cortijo*, 254 AD2d 125, *lv denied* 92 NY2d 1030). Thus, even if we were to treat this document as *Rosario* material (*but see, People v Berkley*, 157 AD2d 463, 465-466, *lv denied* 75 NY2d 917), defendant would be unable to demonstrate any prejudice from the denial of his access to the document, as he must (*People v Fuller*, 286 AD2d 650; CPL 240.75). In any event, the trial court examined the document in camera and found that it contained nothing material to the case, and that determination is entitled to great deference on appeal (*see, People v Arredondo*, 226 AD2d 322, *lv denied* 88 NY2d 964).

The court properly denied, without a hearing, defendant's motion to vacate his judgment of conviction on the ground of ineffective assistance of counsel. Defendant failed to include an affidavit of his trial counsel explaining why defendant's father was not called as a witness, or an explanation as to why such affidavit was not included (*see, People v Morales*, 58 NY2d 1008; *People v Gil*, 285 AD2d 7, 11-12).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, P.J., Tom, Saxe, Rubin and Friedman, JJ.