■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. PAGE, Appellant. [753 NYS2d 763] —Rose, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 2, 2002, convicting defendant upon his plea of guilty of three counts of the crime of arson in the third degree.

Defendant entered a plea agreement pursuant to which he pleaded guilty to three counts of the crime of arson in the third degree in full satisfaction of a six-count indictment and was sentenced to three concurrent prison terms of 2 to 6 years plus the payment of restitution. In examining defendant's assertion on this appeal that County Court erred by accepting his guilty plea, it must be noted that two plea allocutions were conducted in this matter. In the course of his first allocution, defendant asserted his innocence by averring that he had set the first two fires in question under duress, having been ordered to do so by his codefendant, and that he did not participate in the third charged arson in any way. Based upon defendant's failure to admit his guilt, County Court refused to accept his plea and set a trial date. Approximately two weeks later, the second plea allocution took place before County Court based upon defendant's expressed desire to plead guilty pursuant to the terms of the original plea bargain agreement. County Court discussed the contents of the written statement given by defen-

dant to the fire investigators at the time of his arrest, wherein defendant had admitted his perpetration of all three arsons. Defendant then acknowledged that the statement contained an accurate account of his crimes, following which County Court accepted his plea of guilty to three counts of arson in the third degree.

Initially, it is noted that defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction. Hence, his claim that the plea allocution was insufficient has not been preserved for our review (*see People v Lopez*, 71 NY2d 662, 665); nor is there any indication in the record that the plea allocution negated any element of the three charges of arson in the third degree (*see* Penal Law § 150.10 [1]) or otherwise established that the plea was so improvident or baseless as to compel our review (*see People v Makas*, 273 AD2d 510, 511). In any event, were we to consider this contention on the merits, we would focus exclusively on the second plea allocution which resulted in the judgment of conviction. In doing so, we would find that defendant's second plea allocution was knowing and voluntary and that his guilt of each element of the three charges of arson in the third degree was fully established.

Defendant's contention that he was denied the right to the effective assistance of counsel before County Court is not supported by our review of the record. The fact that defense counsel obtained a favorable plea bargain for defendant, pursuant to which three counts of the indictment were dropped, also provides support for the conclusion that he received effective legal representation (*see People v McIntire*, 287 AD2d 890, 891, *lv denied* 97 NY2d 685). The remaining contentions raised herein have been reviewed and found to be without merit.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.