■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CAMP, Appellant. [753 NYS2d 765] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered February 5, 2002, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant waived indictment and pleaded guilty to criminal sale of a controlled substance in the third degree as charged in a superior court information. He also executed a written waiver of the right to appeal. He was sentenced in accordance with the plea agreement to an indeterminate term of 4 to 12 years in prison. Defendant now appeals.

Defendant initially contends that his guilty plea was not voluntarily, knowingly or intelligently entered because the allocution was factually deficient. Inasmuch as defendant did not make a motion to withdraw his plea or vacate the judgment of conviction, he has failed to preserve this claim for our review (*see People v Teague*, 295 AD2d 813, 814, *lv denied* 98 NY2d 772; *People v McWhite*, 295 AD2d 757). We find the exception to the preservation rule inapplicable here inasmuch as the plea colloquy does not reveal that defendant's factual recitation casts significant doubt on his guilt (*see People v Lopez*, 71 NY2d 662, 666; *People v Kemp*, 288 AD2d 635, 635). In any event, were we to review defendant's claim, we would find it to be without merit. "[D]efendant's affirmative responses to County Court's questions established the elements of the crime[ ] charged and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp, supra* at 636; *see People v Bunger*, 269 AD2d 620, *lv denied* 94 NY2d 945).

Moreover, defendant's claim of ineffective assistance of counsel, which is not premised upon the alleged involuntariness of the plea, does not survive defendant's waiver of his right to appeal (*see People v Porter*, 300 AD2d 698; *People v Almonte*, 288 AD2d 632, *lv denied* 97 NY2d 726). Even if it did, defendant's failure to make a motion to withdraw the plea or vacate the judgment of conviction precludes him from raising it (*see People v Smith*, 300 AD2d 745; *People v King*, 299 AD2d 661). Nevertheless, were we to review this claim, we would also find it unpersuasive. The record does not substantiate defendant's assertion that his counsel did not adequately investigate potential defenses. Viewing the totality of the circumstances, we find that defendant was provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147; *People v Wright*, 295 AD2d 806, 807).

Lastly, defendant's challenge to the severity of his sentence is also encompassed by his voluntary waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737; *People v Lopez*, 295 AD2d 701, 702; *People v Teague, supra* at 815). Even if it was not, defendant was sentenced in accordance with the plea agreement and we find no extraordinary circumstances warranting modification of the sentence in the interest of justice (*see People v Lopez, supra*).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.