■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE A. ECHANDY, Appellant. [760 NYS2d 371] —Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 29, 2000, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant waived indictment, pleaded guilty to a superior court information charging him with attempted burglary in the second degree and waived his right to appeal. In accordance with the plea agreement, defendant was sentenced, as a second felony offender, to a four-year prison term and five years' postrelease supervision. Defendant now appeals, challenging the voluntariness of his guilty plea and the severity of his sentence.

Initially, inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction, his challenge to the voluntariness of his plea is unpreserved for our review (*see People v Camp*, 302 AD2d 629, 630 [2003]; *People v Fulford*, 296 AD2d 661, 662 [2002]; *People v Doty*, 267 AD2d 616, 617 [1999]). Were we to reach this issue, we would find it to be without merit. The record reveals that County Court conducted a thorough plea colloquy, ascertaining that defendant fully understood the nature and consequences of his guilty plea, and

defendant admitted committing acts satisfying each element of the crime of attempted burglary in the second degree (*see* Penal Law §§ 110.00, 140.25 [1] [c]). Accordingly, we conclude that defendant's plea was knowing, voluntary and intelligent.

Defendant's challenge to the severity of his sentence is encompassed by his waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Beaumont*, 299 AD2d 657, 658 [2002], *lv denied* 99 NY2d 580 [2003]). In any event, defendant was sentenced in accordance with a plea agreement and, on this record, we see no extraordinary circumstances warranting a modification of defendant's sentence in the interest of justice (*see People v Camp, supra*; *People v Lopez*, 295 AD2d 701, 702 [2002]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.