■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL L. SHAW, Appellant. [761 NYS2d 701] —Spain, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered August 31, 2001, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree and criminal contempt in the first degree.

Defendant was charged with multiple crimes arising from an incident on December 30, 2000 during which he entered the home of a former girlfriend, who had secured an order of protection against him, and threatened her with a handgun. Defendant pleaded not guilty to the charges and the case was scheduled for trial. On the day the trial was to commence, County Court noted its recent receipt of a letter from defense counsel requesting that he be allowed to withdraw due to the strained relationship between he and defendant. When asked, defendant initially concurred, criticizing, among other things, counsel's representation of him in Family Court matters and counsel's complaints related to this case. County Court explored this issue at length with all of the involved parties, during which defendant expressly withdrew his oral request for new counsel and the court declined to appoint new counsel. After conferring with counsel in private, defendant entered a plea of guilty to attempted burglary in the second degree and

criminal contempt in the first degree, stating that he had been afforded adequate time to discuss the plea with counsel and his parents, and executed a written waiver of the right to appeal. Sentenced as a second felony offender on the burglary charge to a determinate prison term of three years, to be followed by a five-year period of postrelease supervision, and an indeterminate prison term of $1\frac{1}{2}$ to 3 years on the contempt charge, to run concurrently, defendant now appeals.

Defendant contends that he only entered a guilty plea because his counsel was unprepared to proceed with the trial, rendering counsel's representation ineffective and his guilty plea involuntary, entitling him to vacate his plea. Initially, we note that although defendant's waiver of his right to appeal does not preclude this Court's consideration of his ineffective assistance of counsel claim to the extent that it impacts upon the voluntariness of his plea (*see People v Pelton*, 289 AD2d 697, 697 [2001], *lv denied* 97 NY2d 732 [2002]; *People v Negron*, 286 AD2d 824, 825 [2001], *lv denied* 97 NY2d 732 [2002]), defendant's failure to make a motion to withdraw his plea or to vacate the judgment of conviction on this ground renders this claim unpreserved for our review (*see People v McCann*, 303 AD2d 780, 781 [2003]; *People v Camp*, 302 AD2d 629, 630 [2003]).

In any event, addressing defendant's claim in the interest of justice, we find it to be without merit. The record discloses that defense counsel made appropriate motions, and succeeded in obtaining dismissal of a superseding indictment and suppression of defendant's statements to police following a *Huntley* hearing at which defendant testified. Counsel also procured a very advantageous plea agreement and, as County Court noted, rendered "extremely vigorous and effective representation," which is apparent at every stage of this matter from the arraignment through sentencing. In context, defense counsel's statement on the day set for trial that he wished to be replaced and was not prepared to proceed narrowly focused on the breakdown in communication with defendant, defendant's failure to cooperate in counsel's efforts to defend him, defendant's criticisms of counsel's representation, and the need to follow up with an investigator for the defense. That colloquy otherwise reflects, however, that the obviously and understandably frustrated defense counsel—who, at one point, represented defendant on a number of separate matters, most of them resolved—had expended tremendous time and effort preparing for this case. Also significant, during the plea colloquy defendant withdrew his request for new counsel and thereafter

indicated that, although he and his counsel had had some disagreements, he was satisfied with counsel's services and had gone over the details of the plea with him. Consequently, we do not find that the record in any respect supports defendant's claim that the plea was involuntary or casts doubt upon counsel's effectiveness (*see People v McKoy*, 303 AD2d 842 [2003]; *People v Terry*, 300 AD2d 757, 758 [2002], *lv denied* 99 NY2d 620 [2003]).

Likewise, we reject defendant's pro se claim that his plea should be vacated because a period of postrelease supervision was attached to his determinate prison term. The transcript of the plea colloquy discloses that defendant was fully informed of, and discussed with County Court, this mandatory condition prior to the court accepting the plea. Because defendant entered the plea with full knowledge that he would be subjected to a period of postrelease supervision, this condition provides no basis upon which to vacate his plea (*cf. People v Baker*, 301 AD2d 868 [2003], *lv dismissed* 99 NY2d 625 [2003]; *People v Goss*, 286 AD2d 180 [2001]). We have considered defendant's remaining pro se claim and find it is unpersuasive.

Crew III, J.P., Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.