■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE THOMAS, Appellant. [762 NYS2d 529] —Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 12, 2001, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant was indicted on two counts of robbery in the first degree as a result of his participation in stealing money at knife-point from two convenience stores in Chemung County. His motion to suppress the confession he gave to police was denied following a *Huntley* hearing. Thereafter, defendant accepted a negotiated plea in which he pleaded guilty to one count of robbery in the first degree and waived his right to appeal in exchange for a recommended sentence of five years in prison and 2½ years of postrelease supervision. County Court accepted defendant's plea and sentenced him consistent with the terms of the recommended sentence. Defendant appeals.

Initially, defendant contends that his guilty plea was not made knowingly, voluntarily and intelligently. Since defendant did not move to withdraw his plea or vacate the judgment of conviction, this issue has not been preserved for our review (*see People v Nieves*, 302 AD2d 625, 625 [2003]; *People v McWhite*, 295 AD2d 757, 757 [2002]). Nor is the exception to the preservation rule applicable "as the plea colloquy does not reveal that defendant's factual recitation casts significant doubt on his guilt" (*People v Camp*, 302 AD2d 629, 630 [2003]). Indeed, contrary to defendant's contention, the plea colloquy reveals that defendant was fully informed of his rights and

freely described his criminal conduct in order to receive a favorable plea.

Defendant's right to challenge on appeal County Court's ruling on the suppression motion was specifically waived as part of his plea bargain. Such a waiver is proper and we discern no reason in this record to deviate from enforcing the waiver (*see People v Wilkins*, 294 AD2d 707, 707 [2002], *lv denied* 98 NY2d 703 [2002]).

Finally, we find no merit in defendant's arguments that he did not receive the effective assistance of counsel and that his sentence was harsh and excessive. Defense counsel made pretrial motions, conducted a thorough cross-examination at the *Huntley* hearing, and successfully negotiated a plea of five years in prison when defendant faced possible consecutive terms with maximum prison sentences of 25 years on each count. Clearly, counsel provided meaningful representation and defendant was, in fact, the recipient of a moderate sentence in light of the potential jail time he faced for his criminal conduct.

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the judgment is affirmed.