■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY LEONARD, Also Known as TYRONE JONES, Appellant. [766 NYS2d 910] —Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 6, 2000, convicting defendant upon his plea of guilty of the crime of forgery in the second degree.

Pursuant to a plea agreement, defendant pleaded guilty to the crime of forgery in the second degree, in satisfaction of a three-count indictment. After waiving his right to appeal, he was sentenced as a second felony offender to a prison term of 2½ to 5 years. Defendant appeals, contending that his plea was involuntary. While defendant's waiver of the right to appeal does not, by itself, preclude this Court's review of the voluntariness of his plea, by failing to move either to withdraw his plea or to vacate the judgment of conviction, defendant has not preserved his right to judicial review of this issue (*see People v Kemp,* 288 AD2d 635 [2001]). During the colloquy with County Court, defendant made no statements that were inconsistent with his guilt; hence, the narrow exception to this rule is inapplicable (*see People v Lopez,* 71 NY2d 662, 666 [1988]).

Similarly, defendant's contention that he was denied the right to the effective assistance of counsel has not been

preserved for our review due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Powell,* 299 AD2d 574 [2002]). In any event, this contention lacks merit. Defendant's claim that his attorney failed to communicate to him an earlier offer of a lighter sentence finds no support in the record. Our review discloses that defense counsel provided competent advocacy throughout the proceedings, as evidenced by the favorable plea bargain negotiated for defendant despite this being his fourth felony conviction (*see People v Page,* 302 AD2d 628, 629 [2003], *lv denied* 99 NY2d 657 [2003]).

Finally, defendant's waiver of the right to appeal precludes his challenge to the severity of the agreed-upon sentence (*see People v Hidalgo,* 91 NY2d 733, 737 [1998]). Nevertheless, we find no indication that County Court abused its discretion in imposing the sentence nor are there any extraordinary circumstances that would warrant its modification in the interest of justice (*see People v De Berardinis,* 304 AD2d 914 [2003], *lv denied* 100 NY2d 580 [2003]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.