██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS T. BROWN, Appellant. [766 NYS2d 401] —Rose, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered July 24, 2002, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of three outstanding charges of criminal sale of controlled substances, defendant signed a five-page waiver of rights form, which included a waiver of indictment, and he pleaded guilty to a superior court information charging him with criminal sale of a controlled substance in the third degree. At the plea allocution, defendant stated that he had sold cocaine to a lady in a van on the date charged, and he waived his right to appeal. At sentencing, defendant admitted that he had been previously convicted of the same felony. He was then sentenced to 4½ to 9 years in prison, the minimum sentence for a second felony offender. Arguing that his waiver of his right to appeal and his plea of guilty were invalid due to an inadequate allocution, and that his sentence as a second felony offender was illegal, defendant appeals.

Defendant's challenges to both his waiver and his plea are unpreserved for our review by his failure to move to either withdraw his guilty plea or vacate the judgment of conviction (*see People v Camp,* 302 AD2d 629, 630 [2003]; *People v Gonzalez,* 299 AD2d 581, 582 [2002]). In any event, were we to consider his arguments, we would find them to be meritless inasmuch as he admitted to facts satisfying each element of the crime to which he pleaded guilty (*see People v Echandy,* 306 AD2d 693, 694 [2003]) and his prior conviction belies his claim that he did not know what it meant to "sell" drugs. Moreover, the five-page waiver executed here explicitly and exhaustively informed defendant of his rights. The waiver form also included a CPL 400.21 (2) statement of defendant's predicate felony conviction. Thus, defendant was properly provided with a copy of the prior felony statement pursuant to CPL

400.21 (3). Finally, he admitted the prior conviction at sentencing when County Court provided him with an opportunity to controvert the allegation (*see People v Kennedy,* 277 AD2d 814, 815 [2000], *lv denied* 96 NY2d 760 [2001]; *People v Goodings,* 277 AD2d 725 [2000], *lv denied* 96 NY2d 735 [2001]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.