■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER IRONS, Appellant. [770 NYS2d 672]—Spain, J.P. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered September 16, 2002, convicting defendant upon his

plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant was arraigned on July 12, 2002 on three misdemeanor informations and six felony complaints arising from his alleged possession and sale of cocaine on three separate occasions during October 2001 in the City of Schenectady, Schenectady County. Thereafter, he waived indictment and pleaded guilty to a superior court information charging him with criminal possession of a controlled substance in the fifth degree in full satisfaction of the pending charges and waived his right to appeal. In accordance with the plea agreement, he was sentenced as a second felony offender to 2½ to 5 years in prison.

Defendant's sole contention on appeal is that he was denied the effective assistance of counsel because his attorney failed to make a statutory speedy trial motion to dismiss the charges based upon the more than six-month delay between the filing of the criminal complaints and his arraignment. Inasmuch as the claimed ineffectiveness is not alleged to have impeded the voluntariness of his plea, it is encompassed by his waiver of the right to appeal (*see People v Lane* 1 AD3d 801, 803 [2003]; *People v Bier*, 307 AD2d 649, 650 [2003], *lv denied* 100 NY2d 618 [2003]; *People v Camp*, 302 AD2d 629, 630 [2003], *lv denied* 100 NY2d 593 [2003]). Even if it were not, defendant is precluded from raising it by his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Shaw*, 306 AD2d 697, 698 [2003], *lv denied* 100 NY2d 645 [2003]; *People v Camp, supra* at 630). "Where, as here, no pretrial motion or motion to withdraw the plea or to vacate the conviction has been made to the trial court, this issue is properly raised through a CPL article 440 motion, not on direct appeal" (*People v Obert*, 1 AD3d 631, 632 [2003] [citations omitted]; *see People v Hemingway*, 306 AD2d 689, 690 [2003]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.