■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WASHINGTON, Appellant. [770 NYS2d 789]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Caetano, J.), rendered October 17, 2002, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was charged in a 10-count indictment with various crimes as the result of an incident on December 29, 2001 when

he entered a residence in the City and County of Schenectady and, among other things, assaulted his girlfriend's uncle. After defendant underwent a CPL article 730 examination and was found to be mentally competent, the case was scheduled for trial. Before the trial commenced, however, defendant pleaded guilty to burglary in the second degree in full satisfaction of the indictment. As part of the plea agreement, defendant waived his right to appeal and was to be sentenced, as a second felony offender, to six years in prison to be followed by a five-year period of postrelease supervision. Defendant was thereafter sentenced in accordance with the plea, resulting in this appeal.

Initially, while not precluded by his waiver of the right to appeal, defendant's challenge to the voluntariness of his guilty plea is not preserved for our review inasmuch as he neither moved to withdraw the plea nor to vacate the judgment of conviction (*see People v Leonard*, 309 AD2d 1073, 1073 [2003]; *People v Wehrle*, 308 AD2d 660, 661 [2003]). The exception to the preservation requirement is inapplicable insofar as the factual recitation delivered by defendant during the plea colloquy did not negate an essential element of the crime (*see People v Cabezas*, 307 AD2d 594, 595 [2003], *lv denied* 100 NY2d 618 [2003]). Nevertheless, were we to consider the claim, we would find it to be without merit. The transcript of the plea proceedings discloses that County Court carefully advised defendant of the ramifications of pleading guilty, including the rights he would be relinquishing thereby, and defendant responded that he understood. Defendant further stated that he was not under the influence of drugs or alcohol nor was he pressured or coerced into entering the plea. He then admitted that he remained unlawfully in the apartment of his girlfriend's uncle with the intent to cause him injury. Under these circumstances, we find that both the plea and waiver were made knowingly, voluntarily and intelligently (*see People v Wehrle, supra*; *People v Echandy*, 306 AD2d 693, 693-694 [2003], *lv denied* 100 NY2d 620 [2003]).

To the extent that defendant's challenge to the effectiveness of counsel impacts upon the voluntariness of his plea, it is also not precluded by his waiver of the right to appeal (*see People v Henning*, 2 AD3d 979, 980 [2003]; *People v Shaw*, 306 AD2d 697, 698 [2003], *lv denied* 100 NY2d 645 [2003]). Defendant's failure to move to withdraw the plea or vacate the judgment of conviction, however, renders it, like his challenge to the voluntariness of the plea, unpreserved for appellate review (*see People v Donaldson*, 1 AD3d 800, 800 [2003]; *People v Shaw, supra* at 698). In any event, were we to consider this contention

in the interest of justice (*see People v Shaw, supra* at 698), we would find it to be unavailing. A number of the allegations made by defendant concern matters outside the record and are more properly the subject of a CPL article 440 motion (*see People v Donaldson, supra* at 801; *People v Obert*, 1 AD3d 631, 632 [2003]). The record before us discloses that defense counsel conducted himself in an appropriate manner during the course of the proceedings and secured an advantageous plea, exposing defendant to much less prison time than he could have faced had he been convicted after trial. In addition, defendant indicated during the proceedings that he was satisfied with the services of his attorney. Therefore, we conclude that defendant was afforded meaningful representation (*see People v Thomas*, 307 AD2d 592, 593 [2003], *lv denied* 100 NY2d 625 [2003]).

Finally, defendant's challenge to the severity of the sentence is encompassed by his voluntary waiver of appeal (*see People v Leroy*, 308 AD2d 639, 639-640 [2003]; *People v Echandy, supra* at 694).

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.