■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WILLIS, Appellant. [770 NYS2d 908]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Bruhn, J.), rendered August 29, 2002 in Ulster County, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

Defendant, an inmate, was found to be in possession of a piece of metal in the correctional facility where he was incarcerated and was charged with promoting prison contraband in the first degree. He pleaded guilty to this charge and was to be sentenced, as part of the plea agreement, to a prison term of 2 to 4 years, to run consecutively to the sentence he was then serving. During the plea proceedings, defendant indicated that he did not wish to be present in court for sentencing and agreed that his attorney would appear on his behalf. Defendant was thereafter sentenced in absentia as a second felony offender to the agreed-upon sentence. He now appeals.

Initially, given that defendant did not move to withdraw the plea or vacate the judgment of conviction, he is precluded from challenging the voluntariness of the plea (*see People v Ward*, 2 AD3d 1219 [2003]; *People v Thomas*, 307 AD2d 592, 592 [2003], *lv denied* 100 NY2d 625 [2003]). Insofar as the plea colloquy does not indicate that defendant's factual recitation casts significant doubt upon his guilt, the exception to the preservation rule is inapplicable (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Camp*, 302 AD2d 629, 630 [2003], *lv denied* 100 NY2d 593 [2003]). In any event, were we to review the voluntariness of the plea or the adequacy of the allocution, we would find defendant's claims to be without merit (*see People v Teague*, 295 AD2d 813, 814 [2002], *lv denied* 98 NY2d 772 [2002]). The transcript of the plea proceedings discloses that Supreme Court sufficiently advised defendant of the consequences of pleading guilty and defendant responded that he understood them, but nevertheless wished to plead guilty. He then admitted that,

while in prison, he possessed a piece of metal which could be used to inflict harm.

Defendant further claims that he was illegally sentenced in absentia. The record, however, reveals that defendant intentionally chose not to attend the sentencing hearing. Therefore, we find that defendant waived his right to be present (*see People v Bennett*, 162 AD2d 825, 825-826 [1990]). Likewise, defendant's failure to move to vacate the sentence precludes him from asserting lack of compliance with CPL 400.21 and that he was illegally sentenced as a second felony offender (*see People v Proctor*, 79 NY2d 992, 994 [1992]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]). In any event, the consecutive sentence, which appears to be at the heart of defendant's claim, was mandated by law given that defendant was serving an undischarged term of imprisonment at the time that he was sentenced (*see* Penal Law § 70.25 [2-a]).

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.