People v Reid (2004 NY Slip Op 50306(U))

[*1]

People v Reid

2004 NY Slip Op 50306(U)

Decided on April 15, 2004

Supreme Court, Monroe County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 15, 2004

Supreme Court, Monroe County
 PEOPLE OF THE STATE OF NEW YORK, Plaintiff, -vs-
against
ANTHONY R. REID Defendant.
Ind. No. 063/03
APPEARANCES:

MICHAEL C. GREEN,
DISTRICT ATTORNEY
By: Jeannie D. Nicholson, Esq.
Attorney for People
EDWARD J. NOWAK
PUBLIC DEFENDER
By: Matthew Clark, Esq.
Attorney for Defendant

DAVID D. EGAN, J.
Defendant moves this Court pursuant to Criminal Procedure Law (hereinafter, "CPL") §400.21 and Penal Law (hereinafter, "PL") § 70.06 for an Order denying the People's application that Defendant be sentenced as a second felony offender. Defendant pled guilty before this Court on October 23, 2003 to Attempted Criminal Sale of a Controlled Substance in the Third Degree (PL §110/220.39[1]). The People have moved sentence and Defendant has been arraigned upon the Special Information charging him with being a second felony offender. CPL §400.21(3). As concerns his predicate felony offense, Defendant was convicted upon his plea of guilty to Assault in the Second Degree (PL §120.05[2]) on October 22, 1993 in Kings County Supreme Court and sentenced to a term of incarceration with a minimum of one and one half years and a maximum of four and one half years. In the matter at bar, the Defendant admits that he was the person previously convicted of the alleged felony, but he controverts the Special Information by challenging the constitutionality of the predicate conviction on the grounds of prior counsel's alleged ineffective assistance of counsel. CPL §400.21(3).
In support of his claim, Defendant's counsel submitted a letter memorandum dated January 4, 2004 outlining the nature of Defendant's challenge and citing authority in support. Among other things, the memorandum noted that Defendant informed present counsel about the facts and circumstances surrounding the offense on which the predicate assault conviction was based. By the affirmation in opposition, the People oppose Defendant's application and move that he be sentenced as a second felony offender. This Court ordered a hearing of the matter [*2]which was conducted on March 22, 2004.
The gravamen of Defendant's challenge to the prior conviction is that prior counsel failed to recognize and to interpose a defense of intoxication. The Defendant claims that his plea of guilty should be vacated because it was not knowingly and voluntarily made insofar as he was denied the effective assistance of counsel. In support of this claim, the Defendant submitted his counsel's letter attesting to the facts and circumstances surrounding his plea and his counsel's actions, a plea transcript from the prior plea and his testimony at the hearing of this matter. The People, of course, oppose Defendant's motion and have moved sentencing of Defendant as a second felony offender. The Defendant did not submit an affidavit from his former counsel which explained the circumstances of the plea and his advice to Defendant, nor did Defendant provide an explanation for his failure to do so.
DISCUSSION
At the outset, because the People proved the existence of the predicate conviction beyond a reasonable doubt, the burden to establish its unconstitutionality shifts to Defendant. See People v. Harris, 61 NY2d 9, 15 (1983); see also People v. Lewis, 261 AD2d 908 (4th Dept. 1999), lv denied 93 NY2d 973 (1999). The Defendant has not submitted an affidavit from his former attorney attesting to his explanation for his advice to Defendant at the time of the challenged plea. People v. Morales, 58 NY2d 1008, 1009 (1983); People v. Scott, 10 NY2d 380 (1961); People v. Johnson, 292 AD2d 284 (1st Dept. 2002). The Defendant has not tendered a reasonable explanation for the absence of such attorney affidavit. See, e.g., People v. Johnson, 292 AD2d 284. The Defendant's hearing testimony, standing alone, is somewhat self-serving and does not afford this Court with an explanation of counsel's position relative to Defendant's current claims. Thus, the remaining record is all that this Court has to work with in examining the constitutionality of his prior conviction.
 This Court has examined the plea minutes (Defendant's Hearing Exhibit "A") of defendant's October 22, 1993 plea before Kings County Supreme Court. The plea minutes do nothing to shed additional light on prior counsel's strategy. The Defendant's present contentions are outlined in an unsworn letter memorandum by Defendant's present counsel, Mr. Matthew Clark, Esq. The upshot of counsel's letter directly contradicts Defendant's version of the events to which he testified at the hearing on the issue of the facts and circumstances underlying the previous assault conviction. Specifically, Mr. Clark's letter states that Defendant informed him that he caught his then girlfriend in the act of stealing his disability check when he awoke from and that he "lost" it. This Court construes this statement to be an informal judicial admission. Cf. People v. Rivera, 45 NY2d 989 (1978).
At the hearing before this Court, the Defendant proffered an entirely different version of events than that contained in Mr. Clark's pre-hearing memorandum. In brief, he testified that, on occasion, his girlfriend would take his checks out to get cashed and then return. One day, she was sent out to cash the check and did not return until the next day. When she returned, she did not have any money from the check and the Defendant demanded that she disgorge the funds. When she refused, a physical altercation ensued in which she sustained injuries. The Defendant claimed that she started the fight and that he was merely defending himself. He also denied being intoxicated. He admitted to drinking alcohol prior to the encounter, but was clear that he was not intoxicated. He said: "I won't say actually drunk, but I had been drinking you know." He [*3]also added, perhaps realizing that his prior testimony did not comport with his present claim of intoxication, that : "I [was] kind of like intoxicated, you know...". Defendant also clearly stated that he "wasn't drunk" at the time of this incident and "wasn't out of [his] mind." As a consequence of this material discrepancy, this Court finds Defendant's hearing testimony to be not credible. The Court also notes that during Defendant's hearing testimony, his responses were tentative, vague and unsure perhaps signaling the vast discrepancy in his differing versions of events.
Concerning the information Defendant communicated to his prior counsel before his plea to assault, the Defendant admitted at the hearing that he did not inform that attorney that he was intoxicated at the time of the crime. According to Defendant, he merely advised his attorney that he "had been drinking" and had been "getting high." There is nothing in the record which explains prior counsel's putative rejection of such information. However, the record does show that Defendant's claimed intoxication defense could be said to be unavailing based on the fact that even Defendant admitted that he was not "intoxicated." The Defendant's purported statements to his prior counsel and to the court at the time of the challenged plea do not amount to the quantum of information which would necessitate further inquiry as to waiver of an intoxication defense. See, e.g., People v. Jaworski, 296 Ad2d 597, 598 (3rd Dept. 2002).
Further, Defendant's most recent iteration of the facts and circumstances of the crime is more in the nature of a justification defense albeit a weak one. The inconsistency of this would-be intoxication defense when juxtaposed with the Defendant's hearing testimony regarding an incipient justification defense renders the instant motion without merit. People v. Gary, 299 AD2d 960 (4th Dept. 2002) lv denied 99 NY2d 582 (2003). This is not to say, however, that the Defendant had a viable justification defense to interpose. Indeed, the photographs of Defendant's ex-girlfriend (which were shown to his former counsel before the plea) indicated that she sustained significant injuries to her face, head and shoulder. These facts negate any colorable justification defense given that she was unarmed at the time of the altercation. In the end, the record demonstrates that Defendant had no viable defense to interpose in light of the evidence available to prior counsel at the time of the plea.
Contrary to Defendant's assertion, a plea allocution is not insufficient when the court interrogates the defendant in a "yes" or "no" fashion, so long as the defendant admits to facts constituting the crime. See, e.g., People v. Smith, 2 AD3rd 1057, 2003 N.Y. Slip Op. 19587 (3rd Dept. December 18, 2003)("[D]efendant's affirmative responses to [Supreme] Court's questions established the elements of the crime charged and there is no indication in the record that the voluntary plea was baseless or improvident" [citations omitted]); People v. Camp, 302 AD2d 629, 630 (3rd Dept. 2003) lv denied 100 NY2d 593 (2003); People v. Kemp, 288 AD2d 635, 636 (3rd Dept. 2001). There is no "mandatory catechism" required for a plea allocution. People v. Nixon, 21 NY2d 338, 353 (1967).
Nothing in this Defendant's plea allocution casts "significant doubt" on his guilt. People v. Lopez, 71 NY2d 662, 666 (1988); People v. Camp, 302 AD2d at 630. Nothing said by this Defendant in his plea colloquy tended to negate an essential element of the crime to which he pled guilty. Lopez, 71 NY2d at 666. Therefore, the court accepting the plea was under no duty to inquire further into the facts and circumstances of the crime. Id. Simply put, the record in this case does not substantiate Defendant's claim that his counsel failed to investigate or interpose any [*4]defense of intoxication. See People v. Camp, 302 AD2d at 630.
This Court finds that Defendant received meaningful representation based on the totality of the circumstances. People v. Baldi, 54 NY2d 137, 147 (1981). The Defendant received an advantageous plea in that he received less than the maximum sentence in the face of what appears to be substantial injuries to the complainant. Further, Defendant's criminal record extant at the time of the challenged plea could have impelled the sentencing court to impose the maximum sentence had the Defendant not admitted responsibility and proceeded to trial.
Taken as a whole, the record demonstrates that prior counsel's performance was not deficient, was reasonably effective and that the Defendant suffered no prejudice from counsel's advice. Strickland v. Washington, 466 U.S. 668 (1984). The record, as a whole, demonstrates that the Defendant received an advantageous plea. People v. Brown, 305 AD2d 1068 (4th Dept. 2003) lv denied 100 NY2d 579 (2003); People v. Candelario, 307 AD2d 771 (4th Dept. 2003). Moreover, nothing in the record casts doubt upon the apparent effectiveness of counsel. People v. Brown, 305 AD2d at 1068. The Defendant has failed to carry his burden of proof on this motion. People v. Lewis, 261 AD2d 908.
For all of these reasons, Defendant's motion is denied. Defendant's remaining contentions are without merit.
ORDERED that Defendant's motion to controvert the Special Information is denied in all respects.
This Decision shall constitute the Order of the Court. 
DATED: Rochester, New York
 April 15, 2004
 -
 HON. DAVID D. EGAN
 SUPREME COURT JUSTICE

 
Decision Date: April 15, 2004