■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN GINES, Appellant. [775 NYS2d 147]—

Judgment of resentence, Supreme Court, Bronx County (Patricia Anne Williams, J.), rendered May 7, 2002, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and resentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

Following a remand from this Court (284 AD2d 134 [2001]), the resentencing court conducted a thorough proceeding and properly adjudicated defendant a persistent violent felony offender. His failure to challenge the constitutionality of the prior 1978 conviction at the time of his 1987 conviction constitutes a waiver of his right to challenge the 1978 conviction on this appeal (*see e.g. People v Dickerson*, 202 AD2d 247 [1994], *lv denied* 83 NY2d 966 [1994]), and we reject defendant's arguments to the contrary. In any event, defendant did not sustain his burden of establishing that his 1978 felony conviction was constitutionally defective (*see People v Harris*, 61 NY2d 9, 15-16 [1983]). As for defendant's 1987 conviction, the minutes cast no doubt on the voluntariness of the plea (*see People v Toxey*, 86 NY2d 725 [1995]; *People v Moore*, 71 NY2d 1002 [1988]; *see also Boykin v Alabama*, 395 US 238 [1969]). There was nothing constitutionally defective about the 1987 plea court's incorporation by reference of the allocution it conducted at a prior withdrawn plea in the same case, since the court ascertained that defendant recalled that allocution.

The resentencing court also conducted a thorough hearing on defendant's motion to withdraw the 1999 plea upon which he was being resentenced. The record establishes that defendant entered that plea knowingly, voluntarily and intelligently, with effective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]). After conducting a proper investigation and determining that an apparent inconsistency in a witness's testimony was explainable and insignificant, the attorney who represented defendant in 1999 negotiated an advantageous plea bargain and gave defendant sound advice to accept it.

Since defendant received the minimum sentence permitted by law, this Court has no authority to reduce it as a matter of discretion in the interest of justice (CPL 470.20 [6]).

We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.