■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SNARE, Appellant. [783 NYS2d 148]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 10, 2003, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant pleaded guilty to the crime of attempted burglary in the second degree, a class D violent felony. Pursuant to the terms of the plea agreement, defendant executed a written waiver of his right to appeal and further acknowledged that he would receive a prison term of 12 years to life, the minimum sentence permitted by statute (*see* Penal Law § 70.08 [3] [c]), on condition that he admit to prior convictions permitting County Court to sentence him as a persistent violent felony offender. Defendant admitted these convictions and received the promised prison term. Defendant now appeals.

As a threshold matter, we note that defendant did not move to withdraw his plea or vacate the judgment of conviction, thereby rendering his challenge to the plea's voluntariness unpreserved for our review (*see People v Boyce*, 2 AD3d 1208, 1208 [2003], *lv denied* 2 NY3d 737 [2004]; *People v Negron*, 286 AD2d 824, 825 [2001], *lv denied* 97 NY2d 732 [2002]). In any event, we disagree with defendant's contention that his plea was not made knowingly, voluntarily or intelligently. The plea minutes reveal that defendant responded to County Court's inquiries by indicating that he fully understood the consequences of entering the plea, was satisfied with the services of his counsel and had not been coerced or impaired by medication, alcohol or any other condition (*see People v Echandy*, 306 AD2d 693, 693-694 [2003], *lv denied* 100 NY2d 620 [2003]; *People v Cook*, 252 AD2d 595, 596 [1998]). Contrary to defendant's assertions, there is no requirement that defendant personally recite the underlying facts of his crime where, as here, defendant unequivocally admitted to acts satisfying each element thereof (*see People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]; *People v Kinch*, 237 AD2d 830, 831 [1997], *lv denied* 90 NY2d 860 [1997]).

We further reject defendant's assertion that his single negative response to County Court's inquiry concerning his willingness to admit to persistent violent felony offender status at sentencing rendered both his previously entered plea and the imposition of such status deficient. Despite being afforded repeated opportunities to do so, defendant did not dispute his guilt as to either of the two predicate felony convictions offered by the People, nor did he raise any constitutional or procedural

issue sufficient to compel the court to hold a hearing on the matter. Under these circumstances, therefore, the court was required to impose persistent violent felony offender status and defendant has waived his right to object thereto (*see People v Gines*, 6 AD3d 336, 337 [2004]; *People v Miller*, 284 AD2d 724, 725 [2001], *lvs denied* 97 NY2d 678, 685 [2001]; *People v Cooper*, 241 AD2d 553, 554 [1997], *lv denied* 90 NY2d 1010 [1997]).

Defendant's ineffective assistance of counsel claims, insofar as they are not encompassed by his waiver of his right to appeal, are similarly unpersuasive, as the record establishes that defendant received meaningful representation (*see People v Washington*, 3 AD3d 741, 742-743 [2004], *lv denied* 2 NY3d 747 [2004]; *People v Mingues*, 256 AD2d 657 [1998], *lv denied* 93 NY2d 974 [1999]). Lastly, we decline to review the sentence imposed, given that defendant received the agreed-upon minimum prison term for persistent violent felony offenders and waived his right to appeal (*see People v Clow*, 10 AD3d 803 [2004]).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.