██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LOPEZ, Appellant. [822 NYS2d 658]—

Kane, J. Appeal from a judgment of the County Court of Washington County (Hall, Jr., J.), rendered February 8, 2005, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

In satisfaction of an indictment, defendant entered an *Alford* plea of guilty to one count of attempted promoting prison contraband in the first degree in exchange for an agreed-upon sentence which was imposed by County Court. By virtue of his failure to move to withdraw his plea or vacate his conviction, defendant failed to preserve for our review his arguments that the record does not contain sufficient proof of guilt to support his *Alford* plea, his plea was involuntary and his counsel was ineffective (*see People v Tausinger*, 21 AD3d 1181, 1182 [2005]; *People v Sales*, 18 AD3d 962, 962, 963 [2005]). Were we to consider defendant's claims, we would find them without merit. The record reflects that counsel procured an advantageous plea for defendant and that this experienced criminal defendant made a rational choice to avoid the strong possibility of conviction by accepting the plea agreement. While the better practice is to have the prosecutor spread on the record the evidence of defendant's guilt, upon review of the unusual incident report and related records which were available to County Court, and noting that the court reviewed the grand jury minutes, we are satisfied that there was strong, competent evidence of defendant's guilt (*see People v Spulka*, 285 AD2d 840, 841 [2001], *lv denied* 97 NY2d 643 [2001]). Consequently, there is no basis in the record to invoke this Court's interest of justice jurisdiction to review these unpreserved claims. Accordingly, we affirm.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.