■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN E. MASTERS, JR., Appellant. [826 NYS2d 835]—Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 7, 2004, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree (two counts), attempted rape in the first degree,

sexual abuse in the first degree (three counts), rape in the first degree, criminal sexual act in the first degree and aggravated sexual abuse in the second degree.

Defendant was charged in a 10-count indictment with various violent felonies stemming from allegations that, in December 2003 and March 2004, he broke into two homes in Schenectady County and, among other things, sexually assaulted the female inhabitants. As the result of a negotiated plea agreement, defendant pleaded guilty to nine counts of that indictment and was sentenced as a second felony offender to an aggregate prison term of 40 years with a period of postrelease supervision.

Initially, we note that defendant's failure to move to withdraw his guilty plea or vacate the judgment of conviction renders his challenge to the voluntariness of the guilty plea unpreserved for this Court's review (*see People v Rivera,* 24 AD3d 1033, 1033 [2005]). Furthermore, with respect to defendant's challenge to the factual sufficiency of the plea allocution, that too is forfeited by his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Missimer,* 32 AD3d 1114, 1115 [2006]). In any event, given, among other things, that defendant agreed to the negotiated disposition following a full colloquy establishing that he understood the consequences of the plea and admitted to the offenses charged (*see People v Schwickrath,* 23 AD3d 707, 708 [2005]; *People v Cherry,* 12 AD3d 949, 949 [2004], *lv denied* 4 NY3d 797 [2005]; *People v Dennis,* 295 AD2d 755, 756 [2002], *lv denied* 99 NY2d 534 [2002]), it is apparent that his plea was entered voluntarily, knowingly and intelligently.

Next, although defendant's argument that he was denied the effective assistance of counsel is also unpreserved for review given his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Lopez,* 33 AD3d 1062 [2006]; *People v Gibson,* 21 AD3d 577, 578 [2005]; *People v Washington,* 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]), were we to consider this issue, we would find it without merit. Notably, the record discloses that defense counsel, among other things, pursued various motions and negotiated a disposition of the indictment. Further, prior to entry of his plea, defendant engaged in a colloquy with County Court in which he acknowledged his satisfaction with his counsel. Thus, there is no basis to conclude that defendant was not afforded meaningful representation (*see People v Washington, supra* at 743).

Finally, we are unpersuaded by defendant's argument that his sentence is harsh and excessive. Although defendant set forth various factors, including his troubled childhood, mental health

difficulties and present remorse, they do not mitigate the violent and heinous nature of his conduct (*see People v Arnold*, 32 AD3d 1051, 1051 [2006]; *People v Jones*, 11 AD3d 818, 818 [2004]). Accordingly, we find no abuse of County Court's discretion or extraordinary circumstances warranting a modification of the sentence (*see People v Gilliam*, 300 AD2d 701, 703 [2002], *lv denied* 99 NY2d 628 [2003]). We further note that defendant agreed to the above prison term in accordance with his negotiated plea and, under the circumstances presented, we find no basis to reduce that sentence (*see People v Smith*, 32 AD3d 1082 [2006]).

The remaining arguments raised by defendant have been examined and found to be unpersuasive.

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.