People v Brito (2020 NY Slip Op 03145)





People v Brito


2020 NY Slip Op 03145


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

109806

[*1]The People of the State of New York, Respondent,
v
Dillon Brito, Appellant.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Adam W. Toraya, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Rebecca L. Fox of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered September 7, 2017, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to promoting prison contraband in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 2 to 4 years that would be served consecutively to the sentence he then was serving. The plea agreement also required defendant to waive his right to appeal. County Court imposed the promised prison term and this appeal ensued.
Defendant initially contends that his waiver of the right to appeal is invalid. We agree. To be sure, County Court sufficiently explained the nature of the appeal waiver and did not impermissibly lump it into the trial-related rights that defendant automatically was forfeiting by pleading guilty (see People v Crawford, 181 AD3d 1057, 1058-1059 [2020]). Similarly, defendant was aware that he was required to waive his right to appeal as part of the plea agreement (see People v O'Neill, 172 AD3d 1778, 1779 [2019], lv denied 34 NY3d 953 [2019]) and indicated that he understood the nature of the waiver. He further executed a written waiver in open court, wherein he acknowledged the separate and distinct nature of his appellate rights and that the waiver encompassed the right to appeal his conviction and sentence (see People v Ward, 171 AD3d 1312, 1313 [2019], lv denied 33 NY3d 1074 [2019]). That said, County Court never inquired whether defendant had read the written waiver, had any questions relative thereto and/or had been afforded sufficient time to confer with counsel. More to the point, although County Court's oral colloquy did not convey that there was an "absolute bar" to further remedies (People v Thomas, 34 NY3d 545, 565 [2019]), the written waiver purports to effectuate a waiver of defendant's right to pursue "all post-conviction remedies" (see People v Barrales, 179 AD3d 1313, 1315 [2020]; cf. People v Martz, 181 AD3d 979, 980 [2020]). Given the limited colloquy between defendant and County Court, the lack of assurances provided by defendant and the language contained in the written waiver itself, which "purported to encompass certain nonwaivable rights" (People v Martz, 181 AD3d at 980), we are not persuaded that defendant knowingly, intelligently and voluntarily waived his right to appeal.
Defendant's challenge to the voluntariness and/or factual sufficiency of his plea is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Favreau, 174 AD3d 1226, 1227 [2019], lv denied 34 NY3d 980 [2019]; People v Suddard, 164 AD3d 950, 951 [2018], lv denied 32 NY3d 1178 [2019]). Further, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an element of the charged crime or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement does not apply (see People v Schmidt, 179 AD3d 1384, 1385 [2020]; People v Lobao, 178 AD3d 1238, 1239 [2019]; People v Willis, 3 AD3d 793, 793 [2004], lv denied 2 NY3d 766 [2004]; see also Penal Law § 205.00 [4]). As for defendant's claim that the agreed-upon sentence imposed is harsh and excessive, we discern no extraordinary circumstances or abuse of discretion warranting a modification thereof (see People v Suddard, 164 AD3d at 951). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.