■ The People of the State of New York, Respondent, v Timothy J. Ackerley, Appellant. [746 NYS2d 920]

Defendant entered a plea agreement pursuant to which he pleaded guilty to the crimes of rape in the first degree and burglary in the first degree in full satisfaction of a nine-count indictment, waiving his right to appeal. County Court imposed the agreed-upon determinate prison term of 15 years on each of the charges, to be served concurrently.

Defendant appeals, contending that the sentence imposed by County Court is harsh and excessive. This issue, however, has not been preserved for our review as defendant knowingly and voluntarily waived his right to appeal when he entered his guilty plea (*see People v Langton*, 263 AD2d 548, *lv denied* 94 NY2d 825; *People v Leibach*, 249 AD2d 636, *lv denied* 92 NY2d 880). If we were to consider this contention, however, we would find it to be without merit. The sentence was the result of a favorable plea agreement pursuant to which seven additional counts of the indictment were dropped (*see People v Russell*, 249 AD2d 628; *People v Nichols*, 245 AD2d 889, *lv denied* 91 NY2d 1011). This fact, together with the repugnant nature of defendant's criminal acts (he broke into the victim's apartment at night, slashed her hands with a box cutter, and raped her in front of her two children) and the lack of extraordinary circumstances warranting our intervention in the interest of justice, dictate that the sentence imposed by County Court should not be disturbed (*see People v Appollonia*, 247 AD2d 770, 771, *lv denied* 92 NY2d 847).

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.