■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE STAUBER, Appellant. [763 NYS2d 854] —Kane, J. Appeal from a judgment of the County Court of Cortland County (DiStefano, J.), rendered December 14, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

After an extensive, multi-county investigation regarding an organized drug distribution network, defendant and several other individuals were indicted on multiple counts. In satisfaction of the charges in the indictment, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree. He was sentenced to an indeterminate prison

term of 3 to 9 years pursuant to the plea agreement, and now appeals.

Defendant argues that the indictment must be dismissed because it was not signed by the grand jury foreperson as required by statute (*see* CPL 200.50 [8]). Defendant did not move to dismiss the indictment on this ground and waived his right to appeal as part of his plea, so this unpreserved argument is reviewable as of right only if the missing signature renders the indictment jurisdictionally defective (*see People v Iannone,* 45 NY2d 589, 600 [1978]; *People v Sayles,* 292 AD2d 641, 643 [2002], *lv denied* 98 NY2d 681 [2002]; *People v Diaz,* 233 AD2d 777, 777 [1996]; *People v Webb,* 177 AD2d 524 [1991], *lv denied* 79 NY2d 924 [1992]).

More than a century ago, the Court of Appeals held that where an indictment did not include the grand jury foreperson's indorsement but the grand jury appeared in open court to duly present the indictment, it is assumed that it was presented according to law; the certification is not part of the indictment but merely statutory proof of authentication, and the record of personal appearance before the court evidences the authentication (*see Brotherton v People,* 75 NY 159, 162 [1878]). Similarly, here, the foreperson's signature was absent from the indictment, but when it was handed up and unsealed, the foreperson was present in court and swore under oath that the indictment—described by caption, indictment number and counts—had been voted upon as a true bill by the required number of grand jurors. While a technical violation of the statute (*see* CPL 200.50 [8]), and not to be condoned as a routine practice, this procedure satisfied the purpose of authentication. Questions regarding the sufficiency of grand jury evidence were addressed by defendant through appropriate motions (*see* CPL 210.30). Hence, the indictment should not be dismissed, and complaints regarding this technical, nonjurisdictional defect were forfeited by defendant's plea of guilty (*see People v Cox,* 275 AD2d 924, 925 [2000], *lv denied* 95 NY2d 962 [2000]).

Because we find the indictment valid, we reject defendant's ineffective assistance of counsel argument based on counsel's failure to move to dismiss the indictment for lack of the foreperson's signature. Finally, defendant's waiver of appeal precludes his challenge to the severity of the sentence (*see People v Hidalgo,* 91 NY2d 733, 737 [1998]; *People v Ackerley,* 297 AD2d 861, 862 [2002], *lv denied* 99 NY2d 554 [2002]; *People v Wade,* 297 AD2d 877, 877 [2002]), which, in any event, is meritless. The sentence was agreed upon as part of defendant's plea to one of several counts of the indictment. Defendant's remaining contentions have been reviewed and are unpersuasive.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.