■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM P. KALTEUX, Appellant. [768 NYS2d 390]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered March 15, 2000, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.

Defendant entered this plea in full satisfaction of a six-count indictment arising out of a violent domestic dispute in the City of Watervliet, Albany County, during which he repeatedly punched, kicked and stabbed his wife. Pursuant to the plea bargain agreement, defendant was to be sentenced to 2½ to 5 years in prison, but he failed to appear for sentencing. Following a two-year hiatus, defendant was sentenced to 7½ to 15 years in prison, and he now appeals.

First, defendant complains that his plea of guilty was not voluntary since he lacked a complete understanding of his legal rights or the consequences of the plea. Defendant's failure to move to withdraw his plea or to vacate the judgment of conviction leaves this issue unpreserved for appellate review (*see People v Thomas*, 307 AD2d 592, 592 [2003]; *People v De Berardinis*, 304 AD2d 914, 915 [2003]; *People v Barnes*, 302

AD2d 623, 623 [2003], *lv denied* 99 NY2d 652 [2003]; *People v Nieves*, 302 AD2d 625, 625 [2003], *lv denied* 100 NY2d 541 [2003]). In any event, the record reveals the complete lack of any factual basis which would support this argument.

Next, we find no merit to defendant's present claim that he was denied the effective assistance of counsel because he was not properly apprised of his legal rights or potential defenses to the indictment. Again, we find no record evidence to support such a claim. Defendant's attorney made significant and detailed pretrial motions, competently participated in all pretrial hearings, and successfully obtained an advantageous plea agreement for defendant. Additionally, defendant affirmatively acknowledged to County Court that he was satisfied with the services rendered by his attorney. The totality of the circumstances clearly reveals that defendant received the meaningful assistance of counsel within constitutional requirements (*see People v Rivera*, 71 NY2d 705, 708 [1988]). Finally, mere assertions that counsel did not explore all possible defenses does not rise to the level of ineffective assistance of counsel (*see People v Smith*, 302 AD2d 677, 680 [2003], *lv denied* 100 NY2d 543 [2003]).

As a final matter, defendant's attack on the sentence imposed is precluded by his voluntary waiver of appeal (*see People v Stauber*, 307 AD2d 544, 545 [2003]; *People v Schryver*, 306 AD2d 626, 626-627 [2003]; *People v Ackerley*, 297 AD2d 861, 862 [2002], *lv denied* 99 NY2d 554 [2002]).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.