(June 17, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD G. BALL SR., Appellant. [778 NYS2d 325]—

Appeals (1) from a judgment of the County Court of Schuyler County (Argetsinger, J.), rendered February 23, 2001, convicting defendant following a nonjury trial of the crime of burglary in the third degree, and (2) by permission, from an order of said court, entered July 22, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was convicted of burglary in the third degree following a nonjury trial upon stipulated facts. He executed a written waiver of the right to appeal and was sentenced as a second felony offender to 3 to 6 years in prison. Thereafter, he made a pro se motion pursuant to CPL 440.10 to vacate the judgment of conviction, which County Court denied without a hearing. He now appeals from the judgment of conviction and the order denying his CPL 440.10 motion.

Defense counsel seeks to be relieved of his assignment of representing defendant on his direct appeal on the ground that there are no nonfrivolous issues that can be raised. Based upon our review of the record, defense counsel's brief and defendant's pro se submission, we agree. Therefore, the judgment of conviction is affirmed and defense counsel's application for leave to withdraw is granted (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

With respect to the appeal from the denial of defendant's CPL 440.10 motion, we conclude that defendant was not denied the effective assistance of counsel. Given defendant's confession, the alleged time frame in which the burglary was committed, and the advantageous sentencing agreement obtained by counsel, there is ample reason for counsel's choice not to pursue an alibi defense (*see People v Morehouse*, 5 AD3d 925, 927 [2004]; *People v Kalteux*, 2 AD3d 967 [2003]). There is no evidence to indicate that defendant suffered from a mental defect which prevented him from understanding the proceedings (*see People v Comfort*, 278 AD2d 872, 873 [2000]). Therefore, the order is affirmed.

Crew III, J.P., Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted. Ordered that the order is affirmed.