■ The People of the State of New York, Respondent, v David Scott, Appellant. [783 NYS2d 477]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered March 30, 2001 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was charged in a six-count indictment with various theft crimes after he took property from two residences in Albany County. He pleaded guilty to burglary in the second degree in full satisfaction of the indictment as well as an uncharged crime arising from the theft of a bicycle. The plea included a waiver of the right to appeal. In accordance with the plea agreement, defendant was sentenced as a second felony offender to 10 years in prison, to be followed by a five-year period of postrelease supervision. He now appeals.

We affirm. Defendant's challenge to the voluntariness of the plea, while not encompassed by his waiver of the right to appeal, is not preserved for our review inasmuch as he did not make a motion to withdraw the plea or vacate the judgment of conviction (*see People v MacCue*, 8 AD3d 910, 911 [2004]; *People v Ward*, 2 AD3d 1219, 1219 [2003], *lv denied* 2 NY3d 808 [2004]). The exception to the preservation requirement is inapplicable as defendant did not make any statements that were inconsistent with his guilt such as to negate an essential element of the crime (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Ward, supra* at 1219). In any event, were we to consider defendant's argument, we would find it to be without merit as "defendant's affirmative responses to [Supreme] Court's questions established the elements of the crime[ ] charged and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp*, 288 AD2d 635, 636 [2001]; *see People v Baker*, 301 AD2d 868, 869 [2003], *lv dismissed* 99 NY2d 625 [2003]).

Likewise, defendant's claim of ineffective assistance of counsel is not preserved for our review (*see People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2003]; *People v Shaw*, 306 AD2d 697, 698 [2003], *lv denied* 100 NY2d 645 [2003]). Nevertheless, were we to consider it, we would also find this claim to be without merit. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]). Here, defense counsel made ap-

propriate pretrial motions and secured a plea exposing defendant to less prison time than if he were convicted of the charges after trial. Lastly, defendant's challenge to the severity of the sentence is encompassed by his waiver of the right to appeal (*see People v Clow*, 10 AD3d 803 [2004]; *People v Shaw*, 309 AD2d 1074 [2003], *lv denied* 1 NY3d 601 [2004]).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.