■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD A. ALLEN, Appellant. [788 NYS2d 721]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered October 21, 2002,

convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of an 11-count indictment charging him with various drug-related crimes, defendant entered a negotiated plea of guilty to the crime of criminal sale of a controlled substance in the third degree and waived his right to appeal. Consistent with the plea agreement, County Court sentenced defendant as a second felony offender to 5½ to 11 years in prison. Defendant now appeals, claiming ineffective assistance of counsel and harsh and excessive sentence.

We affirm. To the extent that defendant's challenge to the effectiveness of counsel impacts upon the voluntariness of his guilty plea, the claim survives the waiver of the right to appeal, but defendant's failure to move to withdraw his plea or to vacate the judgment of conviction renders the issue unpreserved for our review (*see People v Washington,* 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]). Even if we were to consider the claim, we would find it to be without merit. " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Scott,* 12 AD3d 716, 717 [2004], quoting *People v Ford,* 86 NY2d 397, 404 [1995]). Here, defense counsel made the appropriate pretrial motions and negotiated a favorable plea agreement exposing defendant to far less prison time than if he were convicted of the charges after trial (*see People v Washington, supra* at 743). Finally, defendant's challenge to the severity of his sentence will not be reviewed given his knowing, intelligent and voluntary plea and waiver of the right to appeal (*see People v Travis,* 12 AD3d 784 [2004]; *People v Scott, supra* at 718).

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.