■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILLARY JONES, Appellant. [795 NYS2d 765]—Spain, J.P. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered March 7, 2003 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

Pursuant to a negotiated plea agreement, and in full satisfaction of all charges pending against him, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree. He was subsequently sentenced, as agreed, to a prison term of 3½ to 7 years. Defendant now appeals, claiming that he received ineffective assistance of counsel and the sentence imposed was harsh and excessive.

We affirm. Although defendant expressly waived his right to appeal, his challenge to the effectiveness of counsel implicates the voluntariness of his guilty plea and, thus, survives such waiver. Defendant, however, did not preserve that issue, having failed to move to withdraw his plea or to vacate the judgment of conviction (*see People v Allen*, 15 AD3d 689, 690 [2005]; *People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]). In any event, his claim is without merit. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995] [citations omitted]; *see People v Allen, supra* at 690; *People v Scott*, 12 AD3d 716, 717 [2004]). Here, counsel negotiated a favorable plea agreement exposing defendant to far less prison time than if he were convicted of the pending charges after trial and there is no indication in the record that counsel was otherwise ineffective (*see People v Allen, supra* at 690; *People v Washington, supra* at 742). Finally, due to defendant's knowing, intelligent and voluntary plea and waiver of the right to appeal, we will not review his contention that his sentence was harsh and excessive (*see People v Allen, supra* at 690; *People v Travis*, 12 AD3d 784 [2004]).

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.