■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BROWN, Appellant. [803 NYS2d 302]—

Mugglin, J. Appeal, by permission, from an order of the County Court of Ulster County (Bruhn, J.), entered January 7, 2004, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a controlled substance in the third degree, without a hearing.

Defendant was arrested following a high-speed chase during which he was observed throwing items—later recovered and found to be bags of crack cocaine—from his car window. He executed a waiver of indictment and a waiver of his right to appeal and, following an extensive and cogent allocution which included his personal description of his criminal conduct, he entered a plea of guilty to criminal possession of a controlled substance in the third degree in exchange for a promised sentence of 5 to 10 years to be served consecutively with the sentence he was then serving, having violated his parole. Subsequently, defendant moved, pro se, pursuant to CPL 440.10 to vacate the judgment on the grounds that he was suffering from a mental disease or defect at the time of the plea and he was denied the effective assistance of counsel. County Court denied the motion, without a hearing. On appeal, defendant argues that his motion raised matters outside the record and County Court erred by not holding a hearing.

Defendant's challenges to the voluntariness of his plea survive his appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]). However, defendant must plead supporting evidentiary facts, as conclusory allegations of ultimate facts are insufficient (*see People v Session*, 34 NY2d 254, 255-256 [1974]; *People v Baptiste*, 306 AD2d 562, 569 [2003], *lv denied* 1 NY3d 594 [2004]). No hearing is necessary if the motion papers fail to show that the nonrecord facts are material and would entitle him to relief (*see People v Satterfield*, 66 NY2d 796, 799 [1985]). Here, defendant's conclusory and vague allegations that his mental capacity was impaired by illness from methadone withdrawal were inadequate to raise an issue (*see People v Hickey*, 277 AD2d 511, 512 [2000], *lv denied* 95 NY2d 964 [2000]), and are flatly refuted by

the record which is not only devoid of evidence suggesting that defendant did not understand the proceeding, but which affirmatively establishes that defendant's plea was voluntary, knowing and intelligent (*see People v Kron*, 8 AD3d 908, 908 [2004], *lvs denied* 3 NY3d 708, 758 [2004]; *People v Williams*, 6 AD3d 746, 747-748 [2004], *lv denied* 3 NY3d 650 [2004]).

Defendant's additional claims that counsel was ineffective in that she failed to conduct an adequate investigation into the circumstances surrounding his arrest and made no attempt to prepare a defense are similarly unsubstantiated and do not constitute a deprivation of meaningful representation (*see People v Demetsenare*, 14 AD3d 792, 795 [2005]; *People v Kalteux*, 2 AD3d 967, 968 [2003]). Thus, County Court properly denied defendant's motion without a hearing (*see People v Beverly [Priest]*, 5 AD3d 862, 865 [2004], *lvs denied* 2 NY3d 796, 804 [2004]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed.