■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN E. BOOTH, Also Known as I, Appellant. [803 NYS2d 326]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 2, 2003, convicting defendant upon his plea of guilty of the crime of conspiracy in the second degree.

In February 2002, the victim was shot and killed in the City of Schenectady, Schenectady County. The ensuing investigation led police to evidence that defendant had paid someone to carry out the shooting for him. Defendant was indicted for the crimes of murder in the first degree, murder in the second degree, conspiracy in the second degree, criminal solicitation in the second degree, hindering prosecution in the first degree and menacing in the second degree. Following combined Huntley and Wade hearings, County Court rendered a written decision denying defendant's suppression motions. Thereafter, the People and defendant negotiated a plea deal under which defendant pleaded guilty to conspiracy in the second degree in full satisfaction of all charges, received a prison sentence of $8^1/_3$ to 25 years and waived his right to appeal. Defendant now appeals.

Initially, we note that defendant's challenge to the voluntariness of the plea, while not encompassed by his waiver of the right to appeal, does not appear to have been properly preserved by a motion to withdraw the plea or vacate the judgment of conviction (*see People v Santalucia*, 19 AD3d 806, 807 [2005]). In any event, the record reveals that the plea was made freely and knowingly. Defendant answered questions establishing the essential elements of the crime to which he pleaded guilty and he made no statement during the plea colloquy inconsistent with his admission of guilt. The fact that County Court's questions during the plea allocution were generally leading in nature is of no moment (*see People v Briggs*, 21 AD3d 652, 653 [2005]). County Court apprised defendant of the terms and consequences of the plea, including that he was sacrificing his right to appeal as well as other rights, and he indicated he fully understood. Under such circumstances, we discern no reason to set aside the plea (*see People v Davis*, 4 AD3d 567, 568 [2004], *lv denied* 2 NY3d 798 [2004]).

Defendant challenges County Court's suppression ruling and also the sentence that was imposed. However, "[g]iven defendant's voluntary, knowing and intelligent plea and waiver of his right to appeal all aspects of his case, he is foreclosed from challenging the adverse suppression ruling, as well as the severity of the agreed-upon sentence" (*People v Buchanan*, 18 AD3d 1019, 1020 [2005], *lv denied* 5 NY3d 804 [2005]).

Although defendant failed to properly preserve his argument that his retained counsel was ineffective (*see People v Allen*, 15 AD3d 689, 690 [2005]), upon discretionary review of the issue we are unpersuaded by the argument in light of the fact that counsel made appropriate pretrial motions and obtained a favorable plea bargain for defendant (*see People v Scott*, 12 AD3d 716, 717-718 [2004]). The remaining arguments, including those set forth in defendant's supplemental pro se brief, have been considered and found without merit.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.