■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE L. BARNHILL, Appellant. [805 NYS2d 140]—

Crew III, J.P. Appeals (1) from a judgment of the County Court of Columbia County (Czajka, J.), rendered September 27, 2004, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree, and (2) from a judgment of said court, rendered September 27, 2004, which revoked defendant's probation and imposed a sentence of imprisonment.

In September 2004, defendant was charged with criminal contempt in the first degree as a result of having violated the terms of an order of protection issued by County Court. Defendant also was charged with a violation of probation. Defendant thereafter pleaded guilty to both charges and waived his right to appeal. In accordance with a joint recommendation, County Court sentenced defendant to concurrent prison terms of 1¹/₂ to 3 years for his conviction of criminal contempt in the first degree and 1 to 3 years for his violation of probation. Defendant now appeals from both judgments.

Although defendant's challenge to the voluntariness of his guilty plea survives his waiver of appeal, his failure to move to withdraw his plea or vacate the judgment of conviction renders that issue unpreserved for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Donaldson*, 1 AD3d 800, 800 [2003], *lv denied* 2 NY3d 739 [2004]; *People v Kemp*, 288 AD2d 635, 635 [2001]). In any event, County Court conducted an ade-

quate inquiry as to whether defendant understood the rights he was relinquishing and whether his plea was made voluntarily. Moreover, defendant signed written statements indicating his desire to plead guilty to both charges and acknowledging the rights he was waiving by doing so.

Similarly, defendant has not preserved his argument regarding the effectiveness of his counsel (*see People v Jones*, 18 AD3d 964, 965 [2005], *lv denied* 5 NY3d 790 [2005]; *People v Allen*, 15 AD3d 689, 690 [2005]; *People v Donaldson, supra* at 800). Were we to consider this claim, we would find it to be without merit. Counsel was able to obtain an advantageous plea agreement for defendant, reducing his exposure to prison time had he proceeded to a trial and hearing on the charges, and there is nothing in the record that undermines the apparent effectiveness of counsel's representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Jones, supra* at 965; *People v Allen, supra* at 690). Finally, in light of defendant's knowing, voluntary and intelligent plea and waiver of his right to appeal, we will not review his challenge to the severity of the sentence imposed (*see People v Jones, supra* at 965; *People v Allen, supra* at 690; *People v Clow*, 10 AD3d 803, 804-805 [2004]).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgments are affirmed.