■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE LA CAILLE, Appellant. [811 NYS2d 132]—

Mugglin J. Appeal from a judgment of the County Court of

Schenectady County (Hoye, J.), rendered July 23, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the fifth degree and waived his right to appeal, with the understanding that the People would recommend a sentence of 2½ to 5 years. Furthermore, the People agreed to have the sentence served in a substance abuse treatment program, on the condition that they were satisfied, based upon the presentence investigation report, that such treatment was warranted. County Court cautioned defendant that, even if the People consented, the program may not be available because he was subject to a parole hold. Ultimately, the People did not consent to the treatment program and defendant was sentenced as a second nonviolent felony offender to 2½ to 5 years in prison. Defendant now appeals.

Defendant argues that his plea was not knowing, voluntary and intelligent and that he was denied the effective assistance of counsel. Although these claims, including the effective assistance of counsel argument to the extent that it impacts upon the voluntariness of his guilty plea, are not precluded by defendant's waiver of the right to appeal, they are unpreserved for our review due to defendant's failure to move to withdraw his plea or to vacate the judgment of conviction (*see People v Allen*, 15 AD3d 689, 690 [2005]; *People v Scott*, 12 AD3d 716, 717 [2004]). Were we to consider defendant's arguments, we would find them to be without merit. The record reveals that defendant was fully informed about and understood the terms of the plea agreement. County Court thoroughly advised defendant of the rights he was relinquishing and he acknowledged that he understood those rights. Defendant also confirmed that he was acting voluntarily and that he had enough time to consider the plea and to consult with counsel. Additionally, there is nothing in the record which casts doubt upon the apparent effectiveness of counsel (*see id.*). We are satisfied that defendant's plea was knowing, voluntary and intelligent and that he was afforded meaningful representation (*see People v Stone*, 9 AD3d 498, 499 [2004], *lv denied* 3 NY3d 712 [2004]; *People v Washington*, 3 AD3d 741, 742-743 [2004], *lv denied* 2 NY3d 747 [2004]). Finally, in light of defendant's valid plea and waiver of the right to appeal, his challenge to the severity of his sentence will not be reviewed (*see People v Allen, supra* at 690; *People v Clow*, 10 AD3d 803, 804-805 [2004]).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.