■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW B. LAFFIN, Appellant. [814 NYS2d 358]—

Rose, J. Appeal from a judgment of the Supreme Court (Main, Jr., J.), rendered February 14, 2005 in Franklin County, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant pleaded guilty to the crime of attempted burglary in the second degree for which he was sentenced to, among other things, a term of incarceration of 2½ years and three years of postrelease supervision. On this appeal, defendant's only contention is that he was denied the effective assistance of counsel because his attorney was unfamiliar with the sentencing provisions for a class D violent felony, and further, he failed to advise Supreme Court that a shorter period of postrelease supervision was authorized.

Defendant's claim of ineffective assistance of counsel is unpreserved for our review because he did not move to withdraw his plea or vacate the judgment of conviction (*see People v Flood*, 16 AD3d 772 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Scott*, 12 AD3d 716, 717 [2004]). Were we to consider this claim, however, we would find it to be without merit. Defendant was indicted for several crimes, the highest of which was burglary in the first degree, a class B violent felony which exposed him to a potential term of incarceration of 25 years (*see* Penal Law § 70.02 [1] [a]; [3] [a]; § 140.30 [2]). Counsel ultimately negotiated a plea to attempted burglary in the second degree, a class D violent felony (*see* Penal Law § 70.02 [1] [c]; §§ 110.00, 140.25 [1] [b]), in satisfaction of the indictment, with a commitment from the District Attorney to recommend a split sentence of six months of local incarceration and five years of probation. In addition to participating in several court conferences to negotiate the plea agreement, counsel secured defendant's release on bail, filed a demand for discovery and a bill of particulars, and made appropriate pretrial motions. Supreme Court's statements regarding the three-year period of postrelease supervision did not, in our view, require comment or correction by counsel. In sum, and notwithstanding some confusion regarding the pos-

sible terms of incarceration by both the Assistant District Attorney and defense counsel at an earlier court conference, defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Scott, supra* at 717-718).

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.