■ The People of the State of New York, Respondent, v Daniel J. Grana, Appellant. [813 NYS2d 830]—

Crew III, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered March 7, 2005, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the fifth degree.

In November 2003, defendant was indicted and charged with, among other things, multiple counts of criminal sale of a controlled substance. Defendant ultimately was extradited from Arizona and arraigned on the indictment in Saratoga County in September 2004. Thereafter, defendant pleaded guilty to attempted criminal sale of a controlled substance in the fifth degree, waived his right to appeal and was sentenced to an agreed upon sentence of 1½ to 3 years in prison. Defendant now appeals.

Defendant first challenges the voluntariness of his plea. While he acknowledges that this challenge is not preserved for our review in that he did not move to withdraw his plea or vacate his judgment of conviction (*see People v Booth*, 23 AD3d 766, 767 [2005]), he nonetheless asserts that his plea comes within a recognized exception to the preservation requirement, to wit, that during the plea allocution he made statements that cast doubt on his guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]). We disagree. The record here reveals that defendant was fully informed about and understood the terms of the plea agreement and that he knowingly and voluntarily entered into it.

Defendant further argues that he was deprived of the effective assistance of counsel when his attorney failed to move to dismiss the indictment on speedy trial grounds. In that regard, we merely note that the record is inadequate to resolve such a claim and, as such, it is more appropriately raised by way of a CPL article 440 motion (*see People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]). We have considered defendant's remaining contentions and find them equally without merit.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.