■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELISHA JONES, Also Known as ELIJAH JONES, Appellant. [816 NYS2d 573]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 23, 2004, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

During defendant's attempt to evade arrest, a City of Schenectady police officer was injured. As a result of this incident, defendant was charged by indictment with assault in the second degree, resisting arrest, criminal possession of a controlled substance in the seventh degree and unlawful possession of marihuana. In full satisfaction of the indictment, defendant pleaded guilty to attempted assault in the second degree and waived his right to appeal. As agreed, defendant was sentenced to a prison term of 1 to 3 years, set to run concurrent to a prior sentence. Defendant now appeals.

Defendant's challenges to the validity of his plea and to the effectiveness of counsel, to the extent that they implicate the voluntariness of his plea, are not precluded by his waiver of the right to appeal, However, his failure to move to vacate the judgment of conviction or withdraw his plea renders these arguments unpreserved for our review (*see People v Barnhill,* 23 AD3d 849, 849 [2005]; *People v Scott,* 12 AD3d 716, 717 [2004]; *People v Kalteux,* 2 AD3d 967, 967 [2003]). In any event, review of the plea proceeding reveals that defendant's plea was knowing, voluntary and intelligent and contains nothing that would invoke the exception to this preservation requirement (*see People v Lopez,* 71 NY2d 662, 668 [1988]). Defendant confirmed County Court's factual description of the incident, sufficiently establishing his commission of each element of the crime (*see* Penal Law §§ 110.00, 120.05 [3]; *People v Mabry,* 27 AD3d 835,

836 [2006]; *People v Scott, supra* at 717). Additionally, County Court thoroughly advised defendant of the rights he was forfeiting and the consequences of pleading guilty, and defendant acknowledged his understanding of each.

Likewise, were we to consider defendant's challenge to the effectiveness of counsel, we would find it unpersuasive. Defendant's unsubstantiated assertions that counsel failed to adequately investigate possible defenses are insufficient to undermine the apparent effectiveness of counsel in light of his successful efforts to reduce defendant's exposure to prison by negotiating a favorable plea agreement (*see People v Barnhill, supra* at 850; *People v Scott, supra* at 717; *People v Kalteux, supra* at 968). Finally, because of defendant's valid waiver of his right to appeal we decline to review the sentence imposed (*see People v Lopez,* 6 NY3d 248, 256 [2006]; *People v Barnhill, supra* at 850; *People v Scott, supra* at 718).

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.