■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BALDWIN, Appellant. [826 NYS2d 530]—

Cardona, P.J. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered July 18, 2005, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Waiving his right to appeal, defendant pleaded guilty to attempted burglary in the second degree and was sentenced to a two-year prison term. He now appeals, initially arguing that he did not receive the effective assistance of counsel. Notably, while defendant's appeal waiver does not serve as a bar to his claim of ineffective assistance of counsel to the extent that it impacts upon the voluntariness of his plea (*see People v Wise*, 29 AD3d 1216, 1216 [2006], *lv denied* 7 NY3d 852 [2006]; *People v Wright*, 21 AD3d 583, 583-584 [2005], *lvs denied* 5 NY3d 857 [2005], 6 NY3d 820 [2006]), his failure to move to withdraw his plea or vacate the judgment of conviction renders the claim unpreserved for our review (*see People v Laffin*, 29 AD3d 1034, 1034 [2006], *lv denied* 7 NY3d 791 [2006]; *People v McEnteggart*, 26 AD3d 643, 643 [2006], *lv denied* 7 NY3d 759 [2006]).

In any event, even if the issue were properly before us, we would find it to be without merit. Although defendant indicates that his counsel failed to advise him of the potential consequences of his guilty plea, the record reveals that, prior to pleading guilty, defendant assured County Court that he had fully

discussed the matter and his rights with his attorney, had all his questions answered and was satisfied with the legal services provided to him. Given, among other things, defense counsel's negotiation of a favorable plea agreement, we conclude that defendant received meaningful representation (*see People v Decker*, 32 AD3d 1079, 1080 [2006]; *People v Washington*, 3 AD3d 741, 743 [2004], *lv denied* 2 NY3d 747 [2004]).

Lastly, defendant's challenge to the denial of youthful offender status is precluded by his waiver of appeal (*see People v Griffin*, 17 AD3d 927, 927 [2005]; *People v Vedder*, 1 AD3d 803, 804 [2003], *lv denied* 1 NY3d 602 [2004]). In any event, upon review of the record, we cannot say that County Court abused its considerable discretion in that regard (*see People v Delfino*, 32 AD3d 1109, 1110 [2006]).

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.