■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. BROWN, Appellant. [853 NYS2d 438]—Peters, J.P.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to assault in the second degree in full satisfaction of the charges pending against him. County Court sentenced him in accordance with the plea agreement as a second felony offender to three years in prison, with five years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's challenge to the voluntariness of his guilty plea is not properly before us given his failure to move to withdraw his plea or vacate the judgment of conviction (see People v Folk, 43 AD3d 1229, 1230 [2007], lv denied 9 NY3d 1033 [2008]). In any event, our review of the record satisfies us that, contrary to his contention, defendant was not coerced into pleading guilty and defendant's plea was entered voluntarily, knowingly and intelligently (see People v Denson, 40 AD3d 1266, 1266 [2007]; People v Bowman, 34 AD3d 935, 937 [2006], lv denied 8 NY3d 844 [2007]).

We also find defendant's contention that he received ineffec-

tive assistance of counsel to be without merit. Counsel made appropriate pretrial motions and negotiated an advantageous plea agreement to a lower level felony (*see People v Ellis*, 43 AD3d 485, 487 [2007], *lv denied* 9 NY3d 961 [2007]; *People v Laffin*, 29 AD3d 1034, 1034-1035 [2006], *lv denied* 7 NY3d 791 [2006]). Although there was some general confusion as to the terms of incarceration and postrelease supervision, there is nothing in the record that casts doubt on counsel's effectiveness (*see People v Ming*, 35 AD3d 962, 965 [2006], *lv denied* 8 NY3d 883 [2007]; *People v Laffin*, 29 AD3d at 1034-1035). Finally, defendant's sentence was neither harsh nor excessive. Defendant was sentenced in accordance with his plea agreement and, given his extensive criminal history, we find no extraordinary circumstances warranting a reduction in sentencing (*see People v Cain*, 29 AD3d 1157, 1157 [2006]).

Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.