■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT FARRINGTON, Appellant. [857 NYS2d 376]—

Cardona, P.J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 26, 2006, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate, was indicted for promoting prison contraband in the first degree after he was found in possession of a modified razor blade. During the ensuing plea allocution, defendant initially denied possessing the razor blade, however, after County Court refused to accept the plea, defendant admitted possessing that item following consultation with his counsel. Defendant thereafter pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to 1½ to 3 years in prison to run consecutive to the term of imprisonment he was serving for first degree manslaughter.

Defendant principally contends on this appeal that he was denied the effective assistance of counsel because defense counsel allowed him to plead guilty after he initially denied possessing the contraband. Significantly, defendant's claim of ineffective assistance is not preserved for our review inasmuch as "he did not move to withdraw his plea or vacate the judgment of conviction" (*People v Laffin*, 29 AD3d 1034, 1034 [2006], *lv denied* 7 NY3d 791 [2006]). In any event, were the issue properly before us, we would find it lacking in merit since the record demonstrates that defendant "has been afforded meaningful representation" (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Scott*, 12 AD3d 716, 717 [2004], *appeal dismissed* 7 NY3d 843 [2006]). Notably, at the time of his guilty plea, defendant expressed satisfaction with the representation of defense counsel and specifically stated that he understood the consequences of the plea and had not been coerced or threatened in any way (*see People v Baldwin*, 36 AD3d 1024, 1025 [2007]). Moreover, defense counsel successfully secured an advantageous plea agreement exposing defendant to less prison time than if he had been convicted of the original charge after a trial. Accordingly, this record provides an insufficient basis to conclude that defendant did not receive the effective representation of counsel.

Defendant's remaining arguments, including his request that this Court reverse his conviction in the interest of justice (*see* CPL 210.40; *People v Clayton*, 41 AD2d 204, 206 [1973]), have been examined and found to be unpersuasive.

Carpinello, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.