■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE J. JACKSON, Appellant. [888 NYS2d 657]—

Stein, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered August 11, 2008, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree, attempted assault in the second degree and criminal sale of a controlled substance in the third degree.

On January 1, 2008 at approximately 3:00 A.M., when responding to a call reporting a shooting at a particular location in the City of Elmira, Chemung County, two police officers saw defendant walking on the public street with another individual in the vicinity of the shooting. When the officers pulled over and stopped their vehicle, defendant fled and, while the officers chased him on foot, they witnessed defendant discard a gun.

Based upon that incident, defendant was charged with criminal possession of a weapon in the second degree. Additionally, defendant was charged in two separate and unrelated indictments with attempted murder in the second degree, attempted assault in the first degree and criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to the crimes of criminal possession of a weapon in the second degree, attempted assault in the second degree and criminal sale of a controlled substance in the third degree in satisfaction of all three indictments. He was thereafter sentenced to concurrent prison terms of 10 years, with five years of postrelease supervision, on the count of criminal possession of a weapon in the second degree, $1^1/_3$ to 4 years on the count of attempted assault in the second degree, and three years, with two years of postrelease supervision, on the count of criminal sale of a controlled substance in third degree, with all sentences running concurrently. Defendant now appeals.

We affirm. To the extent that defendant argues that his conviction of criminal possession of a weapon in the second degree should be reversed because the discovery of the gun was the result of an unlawful seizure, such issue is not preserved for our review, as he failed to make a motion to suppress the gun (*see* CPL art 710; *People v Lancaster*, 272 AD2d 719, 719-720 [2000]). Furthermore, we are not persuaded by defendant's contention that defense counsel's failure to make a motion to suppress the gun deprived him of meaningful representation. In determining the effectiveness of counsel, we must look at the "totality of the circumstances" (*People v Anderson*, 38 AD3d 1061, 1063 [2007], *lv denied* 8 NY3d 981 [2007]; *People v Kalteux*, 2 AD3d 967, 968 [2003]; *People v Van Gorden*, 307 AD2d 547, 547-548 [2003], *lv denied* 1 NY3d 581 [2003]). The fact that defense counsel did not request a particular pretrial hearing does not necessarily constitute ineffective assistance of counsel (*see People v Hall*, 57 AD3d 1222, 1227 [2008], *lv denied* 12 NY3d 817 [2009]).

Here, defendant failed to demonstrate the absence of a " 'strategic or other legitimate explanation[ ]' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]) for counsel's failure to request a hearing to determine the admissibility of the gun (*see People v Hall*, 57 AD3d at 1227). It is clear from the record that counsel's strategy focused largely on avoiding a conviction on the class B violent felony charge of attempted murder in the second degree. Notably, while it is uncertain from this record whether defen-

dant would have succeeded in suppressing the gun with respect to the weapons possession charge, defendant received an advantageous plea agreement encompassing all of the indictments—including the attempted murder charge—which significantly reduced his sentence exposure (*see People v Sterling*, 57 AD3d 1110, 1113 [2008], *lv denied* 12 NY3d 788 [2009]; *People v Farrington*, 51 AD3d 1221, 1222 [2008], *lv denied* 11 NY3d 736 [2008]; *People v Brown*, 49 AD3d 1028, 1028-1029 [2008]). Not only could defendant have faced significantly longer sentences on each of the charges, but those sentences could have been imposed consecutively (*see* Penal Law § 70.25).

We further note that defense counsel made other appropriate pretrial motions (*see People v Hall*, 57 AD3d at 1227), and defendant stated during the plea colloquy that counsel answered all of his questions and that he was satisfied with counsel's services (*see People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]; *People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]; *People v Riddick*, 40 AD3d 1259, 1260 [2007], *lv denied* 9 NY3d 925 [2007]). Under all of these circumstances, we conclude that defendant received meaningful representation.

We also reject defendant's contention that his sentence was harsh and excessive. Inasmuch as County Court imposed the agreed-upon sentence and considering defendant's criminal history, among other things, we find no abuse of discretion or extraordinary circumstances warranting a reduction of his sentence in the interest of justice (*see People v Milstead*, 61 AD3d 1179 [2009]; *People v Sterling*, 57 AD3d at 1113).

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.