People v Richmond (2018 NY Slip Op 01215)





People v Richmond


2018 NY Slip Op 01215


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

107351

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DESIREE A. RICHMOND, Appellant.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Edward E. Kopko, Ithaca, for appellant.
Matthew VanHouten, District Attorney, Ithaca (Daniel Johnson of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Tompkins County (Cassidy, J.), rendered November 24, 2014, convicting defendant upon her plea of guilty of the crimes of burglary in the first degree and endangering the welfare of a child, and (2) by permission, from an order of said court, entered August 19, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant and her son were each charged with several crimes, including attempted murder in the second degree (four counts), stemming from their actions during a neighborhood brawl. Pursuant to a connected plea agreement, defendant pleaded guilty to burglary in the first degree and endangering the welfare of a
child, with the understanding that her son would also plead guilty to certain crimes, that the People would recommend that her son be adjudicated a youthful offender and that County Court would honor its commitment to adjudicate him as a youthful offender. County Court thereafter granted defendant's son youthful offender status and sentenced defendant to an aggregate prison term of eight years, to be followed by 2½ years of postrelease supervision. Defendant now appeals from the judgment of conviction and, by permission, from the denial of her subsequent CPL 440.10 motion.
We affirm. Defendant's contention that her plea was involuntary because it was coerced by its connection to County Court's conditional commitment to grant her son youthful offender [*2]status in exchange for her guilty plea is not preserved for our review, as there is no indication in the record that she made an appropriate postallocution motion (see People v Jones, 155 AD3d 1103, 1106 [2017]; People v Williams, 150 AD3d 1549, 1550 [2017]; cf. People v Farnsworth, 140 AD3d 1538, 1539-1540 [2016]). Moreover, the narrow exception to the preservation rule is not applicable, as defendant made no statements during the plea colloquy that cast doubt upon her guilt or otherwise called into question the voluntariness of her plea (see People v Lopez, 71 NY2d 662, 665-666 [1988]).
Defendant also contends that County Court erred in denying her CPL 440.10 motion without a hearing. She argues that she pleaded guilty because she incorrectly believed, based upon misrepresentations by defense counsel and County Court's failure to explain otherwise, that the District Attorney had the sole authority to make youthful offender adjudications and that the only way for her son to be so adjudicated was by her agreeing to plead guilty as part of the connected plea agreement. The record reflects, however, that County Court issued a written decision one week before defendant pleaded guilty that informed the parties that, even though the court agreed to grant youthful offender status to defendant's son pursuant to the plea agreement, if either defendant or her son rejected the connected plea deal, the court would still "exercise its own judgment as to whether a [y]outhful [o]ffender adjudication is appropriate." In our view, defendant has not demonstrated that there is a reasonable possibility that her otherwise unsupported allegation — that she pleaded guilty because she was under the impression that the District Attorney had the sole authority to determine whether to grant her son youthful offender status — is true (see CPL 440.30 [4]; People v Vallee, 97 AD3d 972, 974 [2012], lv denied 20 NY3d 1104 [2013]; People v Hoffler, 74 AD3d 1632, 1635 [2010], lv denied 17 NY3d 859 [2011]).
Defendant's remaining allegations in her CPL 440.10 motion — that counsel failed to investigate whether all the elements of the crimes were met, did not undertake sufficient plea negotiations, misinformed defendant about her potential sentence and discouraged her from hiring substitute counsel — were not supported by other evidence or affidavits. Moreover, our review of the record reveals that counsel made appropriate motions and negotiated a favorable plea agreement under these particular circumstances, especially in light of the numerous charges brought against defendant. Defendant also acknowledged during the plea allocution that she understood the parameters of the plea agreement, that she had sufficient time to discuss it with counsel and that she was satisfied with counsel's representation. In light of the foregoing, we find that defendant's unsupported allegations do not demonstrate less than meaningful representation, and we find no error in the denial of her CPL 440.10 motion without a hearing (see People v Oddy, 144 AD3d 1322, 1324 [2016], lv denied 29 NY3d 1131 [2017]; People v Brown, 23 AD3d 702, 703 [2005], lv denied 6 NY3d 774 [2006]).
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment and order are affirmed.